# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MARTINEZ ARIAS, | Case No. 1:14-cv-00764 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| A. K. JOHAL, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Mario Martinez Arias ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 19, 2014. On May 14, 2015, the Court screened the complaint and dismissed it with leave to amend for failure to state a claim for relief under § 1983. On June 4, 2015, Plaintiff filed a First Amended Complaint ("FAC"). He names Medical Doctor A. K. Johal, Orthopedic Surgeon S. Smith, and Chief Physician and Surgeon A. Shittu as Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California. The events giving rise to this action took place while Plaintiff was housed at North Kern State Prison ("NKSP").

Plaintiff alleges the following. In 1996, Plaintiff sustained a gunshot injury that required extensive surgeries and medical care. While an inmate at NKSP, Plaintiff requested care for his foot. On November 2, 2012, Defendant Smith examined Plaintiff and recommended surgery to the

2

right foot.  On December 4, 2012, Defendant Smith conducted surgery on Plaintiff's right foot. Plaintiff had a removal of a pin in the fourth metatarsal, with a bone graft.  Following surgery, Defendant Smith prescribed pain medication and gave post-op orders and outpatient instructions for after care of surgery.  Plaintiff was advised to keep the dressing clean and dry for two weeks.  No antibiotics or dressing changes were ordered.  An order was written for an orthopedic follow-up in two weeks.

On December 5, 2012, Plaintiff became concerned over his foot surgery because his dressing had not been changed, the prescribed pain medication was not working, and his foot started to show signs of swelling.  Plaintiff notified the nurse and turned in a health care slip.  He was told by the nurse that eventually his dressing would be changed.

On December 7, 2012, Plaintiff became extremely worried about his surgery and health because no antibiotics had been given and his bandage had become completely crusted through with blood and pus drainage, and his toes turning slightly black.  Plaintiff raised the issue with the Second Watch Correctional Sergeant Quintero.  Sergeant Quintero observed the foot and escorted Plaintiff to the medical department.

At the emergency appointment, Defendant Johal examined Plaintiff.  She refused to clean the surgery wound and change Plaintiff's dressing citing "policy"; however, Defendant Johal stated she would prescribe antibiotics.  No antibiotics were prescribed.  Dr. Johal noted that Plaintiff would be seeing Defendant Smith for his follow-up.  Plaintiff alleges Dr. Johal failed to timely treat his right foot and failed to follow through on her statement that she would prescribe antibiotics.  Plaintiff alleges he continued to suffer in pain until he was seen for his follow-up.

On December 21, 2012, Plaintiff was seen for his follow-up by Defendant Smith.  Defendant Smith removed the dressing, the stitches and the posterior splint.  He noted it appeared Plaintiff had an infection.  The surgery wound was cleaned and the dressing changed.  Because of the infection, Defendant Smith ordered daily dressing changes, a medical hold, antibiotics, and pain killers. Plaintiff alleges Defendant Smith violated his Eighth Amendment rights by failing to provide him with adequate medical care, specifically, by failing to order antibiotics and dressing changes. Plaintiff alleges he continued to suffer in pain until the infection subsided.

On December 27, 2012, Defendant Shittu discontinued the medical hold. According to the exhibits Plaintiff has attached, Defendant Shittu contacted Defendant Smith, who advised him that he was initially going to put Plaintiff on a medical hold as of December 21, 2012, but that at the present time there was no urgent reason to have Plaintiff on medical hold and Plaintiff could be transferred as scheduled. (See FAC, Ex. C.) Defendant Shittu noted that daily wound dressings would be continued, and the course of antibiotics would be extended for seven more days. A routine orthopedic follow-up would be ordered and the receiving institution would be notified. Plaintiff claims Defendant Shittu should not have removed the medical hold and that Plaintiff should have remained at NKSP until he healed. Plaintiff was transferred on January 8, 2013, which caused a delay in receiving his medical care for three days due to the fact that Corcoran State Prison did not receive his medical files until three days after transfer. On January 18, 2013, Plaintiff was seen by Defendant Smith who stated he had not wanted Plaintiff transferred. Plaintiff claims Defendant Shittu failed to provide him with adequate medical care in violation of the Eighth Amendment by removing his medical hold.

Plaintiff seeks compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $100,000.00 against each defendant.

**C.    DISCUSSION**

1.    Eighth Amendment – Deliberate Indifference to Medical Need

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or

4

intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations do not support a claim for violation of the Eighth Amendment as to Defendant Smith. Defendant Smith operated on Plaintiff's foot. Defendant Smith ordered post-operative care for Plaintiff, including prescription for pain killers, crutches and a chrono for a lower bunk on a lower tier. Plaintiff was given instructions on post-surgery care. At some point after surgery, the foot became infected. Plaintiff was then seen for his scheduled follow-up visit where Defendant Smith then cleaned the wound and treated the infection. There are no facts alleged which show Defendant Smith knew of and disregarded a substantial risk of harm to Plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). By Plaintiff's own account, Defendant Smith never refused treatment and provided treatment for Plaintiff's complaints. Plaintiff claims Defendant Smith should have ordered antibiotics and daily dressings as part of his post-operative care; however, Plaintiff's mere disagreement with the course of medical treatment determined to be appropriate by Defendant Smith does not support a claim for relief under section 1983. Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Therefore, Plaintiff fails to state a claim against Defendant Smith.

Plaintiff's allegations also do not support an Eighth Amendment claim against Defendant Johal. Plaintiff was seen by Defendant Johal three days after surgery because of complaints of pain and the appearance of his foot. Plaintiff believed his foot required immediate care because of the drainage of pus and blood, and the bandage appearing to be crusted through. Plaintiff also noticed swelling and some blackness to his toes. Plaintiff admits that Defendant Johal examined him and provided him with medical care. He alleges Defendant Johal stated she would order antibiotics, but

5

states he never received them.  Thus, it is undisputed that Defendant Johal treated Plaintiff.  Plaintiff complains that Defendant Johal should have done more by cleaning and changing the dressing, but again, Plaintiff's mere disagreement with the course of medical treatment determined to be appropriate by Defendant Johal does not support a claim for relief under section 1983.  Snow, 681 F.3d at 987; Wilhelm, 680 F.3d at 1122-23; Jett, 439 F.3d at 1096.  Plaintiff complains that he never received the antibiotics, but there are no facts alleged which demonstrate that Defendant Johal deliberately and wantonly withheld antibiotics.  Even assuming Defendant Johal erred, a finding which is not supported by the factual allegations, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendant Johal.

Plaintiff's allegations also do not support an Eighth Amendment claim against Defendant Shittu.  Defendant Shittu removed the medical hold on Plaintiff on December 27, 2012, after Plaintiff had received his follow-up with Defendant Smith and given treatment for his infection.  According to the exhibits, Defendant Shittu did this in consultation with Defendant Smith.  Plaintiff however claims there is some question as to whether Defendant Shittu consulted with Defendant Smith based on orders written by Defendant Johal and statements made by Defendant Smith during a post-care consultation.  Regardless, there are no facts alleged which would show that Defendant Shittu knew of and disregarded a substantial risk of harm to Plaintiff's objectively serious medical needs.  As Plaintiff admits, he continued to receive medical care for his foot, and he received medical care upon transfer to the new institution.  The medical care was delayed by three days because of the transfer, but this fact is not evidence that Defendant Shittu made his decision in conscious disregard for Plaintiff's medical condition.

2.   Medical Malpractice – State Law

Plaintiff also alleges that Defendants committed medical malpractice.  Section 1983 does not provide a cause of action for violations of state law.  See Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).  Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental

jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." United Mine Workers, supra, 383 U.S. at 726.

In this case, the complaint does not present a federal claim for relief. However, even if Plaintiff presented a cognizable federal claim and the Court exercised supplemental jurisdiction over his state law claims, his state law claims would not offer relief. "To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted). Here, Plaintiff fails to identify Defendant's legal duty of care, how Defendant breached that duty, the injury suffered by Plaintiff, and the damage caused to Plaintiff.

### D.     CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies and opportunity to amend, and based on the nature of the deficiencies at issue, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Therefore, the Court HEREBY RECOMMENDS that the First Amended Complaint be

DISMISSED WITH PREJUDICE for failure to state a claim.

This Findings and Recommendation is submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 27, 2016**                             **/s/ Sandra M. Snyder**
                                                                      UNITED STATES MAGISTRATE JUDGE