UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MARTINEZ ARIAS,<br><br>  Plaintiff,<br><br>  v.<br><br>A. K. JOHAL, et al.,<br><br>  Defendants. | Case No. 1:14-cv-00764-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 30) |

Plaintiff Mario Martinez Arias ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Dr. A. K. Johal.

On January 23, 2017, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 30.) Plaintiff asserts that he is unable to afford counsel, his imprisonment limits his ability to litigate his case, the issues involved are complex and will require significant research, he has limited law library access, and that he has limited knowledge of the law. (*Id.*) Plaintiff also asserts that a trial in this case would involve conflicting testimony, and that having counsel would facilitate Plaintiff's ability to present evidence and cross-examine witnesses. (*Id.*) Plaintiff further asserts that he contacted a lawyer who denied Plaintiff's request for representation. (*Id.*)

///

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff under 28 U.S.C.§ 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's indigence, limited knowledge of the law, and limitations imposed by incarceration, plus the complexity of the case, do not make his case exceptional. This Court is faced with similar cases almost daily. Furthermore, at this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.[1] *Id*. However, if Plaintiff requires additional time to comply with relevant deadlines and court orders due to his circumstances, he may seek appropriate extensions of time.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 25, 2017**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff successfully appealed the Court's initial dismissal of this action, (ECF No. 27), which the Court finds to be persuasive evidence that Plaintiff can adequately articulate his claims.